Geokge M. Fanelli, J.
This is an article 78 proceeding in the nature of mandamus wherein petitioner, an elector of the Village of Spring Valley, seeks to compel the Board of Trustees of said village and other village officials, to schedule and hold a mandatory referendum pursuant to article 15-A of the Village Law, so that the electors of the village can vote upon the proposition of whether or not said village shall adopt a “ village manager plan ’ ’ of government.
The material facts are not in dispute.
It is conceded that on December 6, 1963 a petition, pursuant to the provisions of section 361 of the Village Law, was filed with the Village Clerk of the Village of Spring Valley, requesting such referendum. Said petition (containing 232 signatures) purportedly contained the requisite number of electors of the village qualified to vote upon such a proposition, in that it contained more than 10% of the number of votes cast therein at the last village election, at which a Mayor of the village was elected, and which said petition in any event contained more than the statutory minimum of 100 signatures of the purportedly qualified electors. Section 363 of the Village Law provides that the Village Clerk shall present the petition at the first regular meeting of the Board of Trustees after filing of same. If the Board of Trustees shall determine that the petition complies with the provisions of article 15-A, it shall submit a proposition to the electors of the village qualified to vote upon propositions at an annual or special election. Said section 363 further provides that if such a petition is presented to the Board of Trustees after the fifteenth day of February and before the last day of December, the Board of Trustees shall call a special election to be held not more than 60 days thereafter.
Thereafter, and on December 30, 1963, the Village Attorney advised the Board of Trustees that the said petition complied with the requirements of the statute, both as regards form and contents and sufficiency of signatures and, relying thereon, the Village Board enacted a resolution determining that the petition complied with the provisions of article 15-A and fixed February 6, 1964 as the date for holding such special election, at which time the said proposition would be submitted to the electors of the village for their approval or disapproval. This resolution is still effective and has not to date ever been repealed or rescinded.
Subsequently, and on January 6,1964, the said Village Attorney advised the Village Board that upon a recheck of the signatures to the said petition, it revealed, in his opinion, that certain persons signing the petition were not owners of real *100 property on the current or preceding assessment rolls of the village and that other persons were not qualified to sign same by reason of the fact that they were not registered voters on the 1963 registration books of the village; and finally, that three of the signatures used their initials instead of their full first legal names. As a result of his advice, he came to the conclusion that the petition was invalid since it did not contain the requisite number of qualified signatures as required by the Village Law. In the answer, respondents urge that 105 signatures of the petition were not qualified.
Section 362 of the Village Law deals with the procedure of attacking the sufficiency of a petition filed under article 15-A of the Village Law. With respect to the sufficiency of the petition, the genuineness of the signatures thereon and the qualifications of the electors signing the same, it specifically states that “ Such petition which complies with the requirements of the article both as to form and number of signers and manner of execution shall be accepted as prima facie sufficient. The supreme court or any justice thereof within the judicial district or the county court of a county wherein the village is located shall have summary jurisdiction upon the complaint of an elector to determine the sufficiency of the petition and the genuineness of the signatures thereon and the qualifications of the electors signing the same and may make such order in the premises as justice may require; but such summary proceeding shall be instituted within thirty days after the presentation of the petition ”. (Emphasis supplied.)
It is conceded in this proceeding that at no time has any petition been presented by anyone to the Supreme Court or any Justice thereof within the judicial district or the County Court of Rockland County complaining and seeking a determination as to the sufficiency of the petition, the genuineness of the signatures thereon, ^,nd the qualifications of the persons signing the same. Under such circumstances, the court is of the opinion that it is now too, late for any elector, including the members constituting the Village Board, to question or challenge the sufficiency of the petition, the genuineness of the signatures, and the qualifications of the persons signing the same. Section 362 of the Village Law means exactly what it says; and it is now too late for this court to pass upon the objections now urged by respondents in this proceeding. The argument advanced by respondents to the effect that section 362 refers to a possible complaint by an “elector” and makes no reference to the Village Board as a complaining party, is without merit. Unquestionably the members constituting the Village Board are all *101 electors of the Village of Spring Valley and certainly they could have, either individually or collectively, challenged the validity and sufficiency of the petition, if they were so advised. It is crystal clear in this case that no one has ever presented a petition and instituted a proceeding, as afore-mentioned, within the statutory 30-day period required by the clear, unambiguous and orderly mandates of section 362 of the Village Law. The difficulty with the position taken by respondents herein is that they have sought to place the burden upon the petitioner to institute the proceeding referred to in section 362. But it is quite apparent from the provisions of section 362 that the burden of attacking a petition for a mandatory referendum lies with those who seek to complain and challenge the sufficiency of the petition. Here, respondents appear to be the objectors and consequently they have the burden of seeking relief from the appropriate court rather than the petitioner, as urged by them. Such petition is, in the opinion of the court, prima facie sufficient and, as the matter now stands, this court is unauthorized to entertain the objections now raised by respondents. Once the petition was filed and no proceeding presented to the appropriate court regarding a challenge to the petition within 30 days after filing, it was not only the function but the duty of the Board of Trustees to arrange for the special election within the timetable prescribed by section 363. The letter of the Village Attorney, dated January 6, 1964, in which he concludes that the petition is invalid, is hardly a substitute for the mandate of section 362 which, in the court’s opinion, is the exclusive method of attacking and challenging the validity and sufficiency of the petition seeking the instant mandatory referendum.
There is nothing in the answer and return which raises any triable issues and this court is now justified, as a matter of law, in passing upon the questions now raised in the papers. Accordingly, the petition is granted, but without costs, and respondents are directed to schedule, notice, and hold the special election, heretofore fixed by resolution, on February 6, 1964.