Daniel F. Carbone, Esq. Saranac Lake, New York
You request our opinion as to the proper method to be followed to discontinue the village manager form of government, which was adopted in your village prior to the enactment of Chapter 892 of the Laws of 1972 (the present Village Law), which went into effect on September 1, 1973. In referring to the immediate predecessor statute we will use the expression "former Village Law". As enacted, the Village Law contains no provisions relating to the adoption or discontinuance of the village manager form of government, but in Article 23 (§§ 23-2200 through 23-2208) it provides, in pertinent part, as follows:
"§ 23-2200 Savings clause
 "* * * For the purposes of * * * rights which may or have been granted or obtained thereunder [former Village Law] * * * shall continue in force and effect as fully and to the same extent as if such law had not been so repealed."
"§ 23-2202 Exceptions
 "This chapter shall not be deemed to repeal or otherwise affect the provisions of any * * * special form of government, it being the intention of the legislature that the same shall continue in full force and effect until and unless otherwise duly amended, repealed or affected."
"§ 23-2208 Existing rights and remedies preserved
 "No existing right or remedy of any character shall be lost, impaired or affected by reason of this chapter * * *."
The former Village Law did contain provisions relating to the adoption or discontinuance of the village manager form of government in Article 15-A (§§ 360 through 374), which was added by Chapter 650 of the Laws of 1927 and applied to all four classes of villages (categories based upon population). At that time, villages had no power to enact local laws. The Village Home Rule Law, enacted in 1940, applied only to villages of the first class (those having a population of 5,000 or more) and the local law power it granted to these larger villages was not broad enough to allow adoption or discontinuance of the manager form of government.
The only authorization to adopt or discontinue the village manager plan of government prior to passage of the Municipal Home Rule Law was in the former Village Law and adoption or discontinuance of that form of government was not by exercise of local legislative authority. The Legislature gave the power directly to the people to determine their own governmental structure without interference by any local government. The authority was to be exercised by the people by petition which, if in proper form and signed by the appropriate number of residents, was required to be submitted by the village government to the voters of the village at a referendum (Matter of Schwartz v Village of Spring Valley,et al., 42 Misc.2d 98 [Sup Ct, Rockland Co. 1964]). This was an unusual grant of power in this State. One of the few other such grants is contained in Village Law Article 2 (§§ 2-200 through 2-258), which authorizes the creation of villages.
Village Law Article 23 continued the right of the poeple to adopt or discontinue the village manager form of government as effectively, even though not as obviously, as would have been the case if former Village Law Article 15-A had been repeated in full.
The Municipal Home Rule Law (Chapter 843 of the Laws of 1963, effective January 1, 1964) superseded the Village Home Rule Law and allowed all villages to exercise home rule powers. It conferred sufficient powers upon a village board of trustees to permit them to adopt or discontinue the village manager form of government but sections 50 through 59 (Article 6) stress that it was not the statutory intent to discontinue or take away or terminate any rights, powers or duties of municipalities. In relation to this iussue the Municipal Home Rule Law for the first time authorized a village board of trustees to act to create or discontinue the village manager form of government, subject however to mandatory referendum. This was an additional power granted to village governments. It did not take from the people their right of self-determination.
Chapter 985 of the Laws of 1974 (effective June 13, 1974) amended the Village Law by the addition, in Article 18, of sections 18-1820 through 18-1828 to allow a village board of trustees subject to permissive
referendum, to create a commission to study and prepare a local law establishing the position of village manager and allowing a proposed local law to establish such a commission to be submitted with a petitionfor a referendum for its adoption. The amendment did not in any way purport to eliminate or repeal any other provision of law in relation to such a change in form of government.
The Municipal Home Rule Law was amended by Chapter 963 of the Laws of 1977 by the addition of a paragraph k to subdivision 2 of section 24 to provide that a village local law to adopt or discontinue the office of village manager is subject to referendum on petition if not also subject to mandatory referendum. Again, however, there was no repeal of any other provision of law.
In our opinion, the savings clauses and directions for construction and interpretation of the above statutes continue the right of the people resident in a village to initiate action on and to adopt or discontinue the village manager form of government as provided for in former Village Law Article 15-A and the procedure there provided is a viable method to accomplish such an end. A village government, as such, also now may act to adopt or discontinue the village manager form of government under the provisions of the Municipal Home Rule Law and the Village Law.